**In the Matter of Jennifer M. CAMPBELL, Respondent.**

**No. 45S00–1502–DI–58.**

Supreme Court of Indiana.

Feb. 6, 2015.

*PUBLISHED ORDER ACCEPTING RESIGNATION AND CONCLUDING PROCEEDING*

Respondent has tendered to this Court an affidavit of resignation from the bar of this State, pursuant to Indiana Admission and Discipline Rule 23(17), which requires an acknowledgement that there is presently pending an investigation into or a proceeding involving allegations of misconduct and that Respondent could not successfully defend herself if prosecuted.

**IT IS THEREFORE ORDERED that the resignation from the bar of this State tendered by Respondent is accepted effective immediately.** The Clerk of this Court is directed to record Respondent's resignation on the Roll of Attorneys. Respondent shall fulfill all the applicable duties under Admission and Discipline Rule 23(26)(d).

IT IS FURTHER ORDERED that any attorney disciplinary proceedings pending against Respondent are hereby dismissed as moot because of Respondent's resignation, subject to consideration of pending offenses in the event there is a petition for reinstatement.

Respondent shall be ineligible to petition for reinstatement to the practice of law for five years from the date of this order. *See* Admis. Disc. R. 23(4)(a). If Respondent seeks reinstatement, the misconduct admitted in Respondent's affidavit of resignation, as well as any other allegations of misconduct, may be addressed in the reinstatement process. Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the petitioner's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

All Justices concur.